QUESTION:
May an assistant public defender have a relationship with an existing law firm under certain specific and unique facts?
SUMMARY:
An assistant public defender may have a relationship with an existing law firm under certain specific and unique facts.
Your question is answered in the affirmative.
It is my understanding that: The part-time assistant public defender will be a partner in a law firm which has offices in two cities located in separate counties, to-wit: Jacksonville, in Duval County, and Fernandina Beach, in Nassau County; the part-time public defender resides in and will work exclusively in the Fernandina Beach, Nassau County, office and his duties as assistant public defender will be limited to Fernandina Beach and Nassau County; no partner or associate in the Fernandina Beach, Nassau County, office will practice criminal law in the state or federal courts; no partner or associate in the Jacksonville, Duval County, office will practice criminal law in the state courts in Fernandina Beach and Nassau County, nor will they handle criminal cases in the federal courts for clients who reside in Nassau County or for clients when the cause of action occurs or takes place in Nassau County; the offices in Jacksonville, Duval County, and Fernandina Beach, Nassau County, each maintains its own separate banking and trust accounts in its respective city, and no funds are divided in a general fashion; the two offices do not and will not share space, bank accounts, books, clients, or fees except when the clients or fees are connected with civil matters in which partners or associates from both offices contribute their time and effort.
Section 27.51(3), F. S., as amended by Ch. 72-327, Laws of Florida, requires assistant public defenders to give priority and preference to their official duties and authorizes them to engage in the private practice of law `only to the extent that it will not interfere with or prevent performance of their duties as assistant public defenders. . . .' As noted in AGO 069-108, an assistant public defender may not engage in the private practice of criminal law, either alone or in partnership with another who does engage in this type of practice. However, based upon these unique facts it would appear that there would be no benefit whatever to the out-of-town partners because of the relationship by this individual with the public defender's office.
The spirit and intent of the law is obeyed because of the separateness of activity and responsibility and division geographically by these relationships. Any improper effect would be de minimus because of the inconsequential relationship among the parties herein as described by the unique factual situation and has little or no effect as anticipated by the passage of s.27.51(3).
As is discussed in AGO 072-208, certain circumstances are allowable under this statute. Thus, based upon the unique factual situation, I find that one attorney does not serve as the agent for the other in that there is an absence of agency by the separateness of these relationships. Therefore, I find nothing to prohibit this assistant public defender from serving based upon the unique facts as set out herein.
Prepared by: Raymond L. Marky Assistant Attorney General